UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHUONG PHAM, | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | Civil Action No. **4:19-cv-3747** |
| | § | JURY |
| UNITED STATES LIABILITY | § | |
| INSURANCE COMPANY, | § | |
| *Defendant*. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, United States Liability Insurance Company ("Defendant" or "USLI") hereby files this Notice of Removal from the 164th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. In support of this Notice, Defendant respectfully shows as follows:

### *Preliminary Statement*

1.   This lawsuit involves a dispute over Defendant's handling of Plaintiff's insurance claim for damages to its property from a storm. USLI is not a citizen of Texas. Accordingly, there is complete diversity between the parties, and as the amount in controversy exceeds $75,000, removal is proper in this case.

### *Procedural Background*

2.   On August 26, 2019, Plaintiff filed an Original Petition and Jury Demand styled *Phuong Pham v. United States Liability Insurance Company*, Cause No. 2019-59680, in the

1

District Court, 164th Judicial District, of Harris County, Texas. Defendant received notice of the Original Petition on September 3, 2019 when USLI was served with the Original Petition. Defendant demanded a trial by jury in its Original Answer, which was filed on September 30, 2019 in the District Court, 164th Judicial District, of Harris County, Texas.

3.  This Notice of Removal has been filed within 30 days after receipt of the Petition as required by 28 U.S.C. § 1446(b).

*Nature of the Suit*

4.  This lawsuit involves a dispute over the handling of Plaintiff's insurance claim for damages to her property resulting from a storm. Plaintiff claims in her Petition that she is entitled to an amount not to exceed $75,000 for claims arising out of alleged damage to her residence sustained as a result of Hurricane Harvey on August 28, 2017. The insured property is located within Harris County, Texas, which is within the Southern District of Texas, Houston Division. Plaintiff asserts causes of action for breach of contract, violations of the Texas Insurance Code, and bad faith. Plaintiff seeks to recover actual damages, exemplary damages, and attorneys' fees. Defendant generally denies Plaintiff's claims. Defendant also disputes the factual allegations because the information in Plaintiff's factual background with regard to the type of property at issue, subject policy, and claimed damage is entirely erroneous. Specifically, Plaintiff's Petition claims that the property at issue is a residence and that the various alleged damages are to a building structure. Contrary to Plaintiff's pleading, the subject policy covers business personal property only.

5.  According to Plaintiff, the storm which allegedly damaged the Plaintiff's property occurred on or around August 28, 2017. Plaintiff thereafter submitted a claim to USLI against the

Policy covering her property. Contrary to Plaintiff's pleading, the subject policy is for business personal property only.

6. USLI assigned an independent adjuster, Kip Quist, to adjust the claim.

7. Plaintiff alleges that Defendant performed an outcome-oriented investigation of Plaintiff's claim, improperly handled the claim, and unreasonably investigated and underpaid Plaintiff's claim.

## *Basis for Removal*

8. Removal of this action is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff is an individual who resides in Texas. *See Plaintiff's Original Petition in Exhibit A*.

9. Defendant is a Pennsylvania company with its principal place of business in Wayne, Pennsylvania. It is a wholly owned subsidiary of U.S. Investment Corporation, a Pennsylvania corporation. Accordingly, Defendant is domiciled in and a resident of Pennsylvania. *See Affidavit of Bill Rohrman*.

10. There is complete diversity of citizenship between the parties.

11. This Court has original jurisdiction over this case because it is a suit between citizens/entities of different states, and the claimed damages have the potential to exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Although Plaintiff attempts to prevent removal by including in her Petition a statement that she is not seeking an amount in excess of $75,000.00, that attempt is improper insofar as it does not constitute a binding stipulation, and also because seeking any amount below the $75,000.00 threshold is not supported by the facts contained in other documentation as well as damages sought in the Petition.

12. The pre-suit Notice of Claim letter demanded economic damages in the amount of $21,149.85. *See Exhibit B, Plaintiff's Notice of Claim Letter and Estimate.* Plaintiff's Petition seeks treble damages, which, if applied to the economic damages amount, would bring the total to $63,449.55. Plaintiff's Notice of Claim letter further indicated that as of January 16, 2019, attorney's fees amounted to $1,900.00 and other related expenses amounted to $1,500.00. Plaintiff explained that those amounts would be adjusted if the matter were to proceed to litigation. *See id.* Plaintiff also seeks in her Petition the following types of damages: actual damages, exemplary damages, statutory damages, treble damages, statutory interest, pre-judgment and post-judgment interest, attorney's fees, and costs of suit. Plaintiff's attempt to put a $75,000 cap on her potential recoverable damages is a clear attempt to simply avoid removal from state court to federal court.

13. Further, Plaintiff's estimate attached to her Notice of Claim Letter appears to have mathematical errors. *See Exhibit B.* For example, Plaintiff's estimate provides a line-item for eight (8) Sonata, T4S, Spa pedicure massage chairs at the cost of $2,989.00 per chair. However, the line-item does not multiply by eight for a total of $23,912.00; rather, the total remains $2,989.00. It is unclear whether Plaintiff's estimate is intentionally only accounting for one spa pedicure massage chair or should account for eight but has an error in the math calculation. If the line-item contains an error in the math, then it also does so for almost every other line item in the estimate. Another example of what appears to be an incorrect calculation in Plaintiff's estimate is a line-item for seven hundred (700) OPI nail polishes at $14.75 per unit. Again, however, the math appears to have not been properly applied, so $14.75 remains the total for that line-item. If $14.75 is multiplied by 700, the total should be $10,325.00. Those two line-items alone (the spa pedicure massage chairs and OPI nail polishes) equal $34,237.00 if the per unit amount is multiplied by the claimed total units. As stated in Paragraph 12, Plaintiff's Petition seeks actual damages plus treble

damages for knowing violations, which, if proven, would bring those two line-items (nail polishes plus spa chairs) to a total of $102,711.00. That amount on its own exceeds the $75,000 jurisdictional threshold for removal based on diversity, without even looking to the remainder of the estimate and the other types of damages claimed in Plaintiff's Original Petition.

### *The Removal is Procedurally Correct*

14. Defendant first received the Original Petition on September 3, 2019. Therefore, this Notice of Removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

15. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiff's claim allegedly occurred in this district.

16. Exhibit "A" to this Notice contains copies of all process and pleadings filed in the state court proceeding in Harris County, Texas.

17. USLI is the sole Defendant in this removed action; consequently, all Defendants join in and consent to this Removal.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Courts for Harris County, Texas and served upon Plaintiff through her counsel of record.

WHEREFORE, Defendant hereby requests that this action be removed from the 164th Judicial District of the District Courts of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, and that this Court enter such further orders as may be necessary and appropriate.

Dated September 30, 2019.

Respectfully submitted,

 /s/ Richard J. Kasson
RICHARD J. KASSON
State Bar No.  24002392
Southern District of Texas Federal ID No. 21614
Attorney-in-Charge
REBECCA H. ADUDDELL
State Bar No. 24097280
Southern District of Texas Federal ID No. 3050524
Of Counsel
**GONZALEZ, CHISCANO, ANGULO & KASSON, P.C.**
Of Counsel
9601 McAllister Freeway, Suite 401
San Antonio, Texas 78216
Phone: (210) 569-8500
Fax:    (210) 569-8490
Email: rkasson@gcaklaw.com
            raduddell@gcaklaw.com
**ATTORNEYS FOR DEFENDANT, UNITED STATES LIABILITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this the **30th** day of **September, 2019**, a true and correct copy of the foregoing instrument was duly served upon all counsel of record via the Court's electronic filing system, facsimile and/or regular mail:

Anthony G. Buzbee
Email: tbuzbee@txattorneys.com
Christopher J. Leavitt
Email: cleavitt@txattorneys.com
**THE BUZBEE LAW FIRM**
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002
Tel:    (713) 223-5393
Fax:    (713) 223-5909

Stephen R. Walker
Email: swalker@manuelsolis.com
Gregory J. Finney
Email: gfinney@manuelsolis.com

Juan A. Solis
Email: jusolis@manuelsolis.com
**LAW OFFICES OF MANUEL SOLIS, PC**
6657 Navigation Blvd.
Houston, Texas 77011
Tel:    (713) 277-7838
Fax:    (281) 377-3924

/s/ Richard J. Kasson
RICHARD J. KASSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHUONG PHAM,<br>*Plaintiff* | §<br>§<br>§ | |
| V. | §<br>§<br>§ | Civil Action No. 4:19-cv-3747<br>JURY |
| UNITED STATES LIABILITY<br>INSURANCE COMPANY,<br>*Defendant.* | §<br>§<br>§ | |

### AFFIDAVIT OF BILL ROHRMAN

COMMONWEALTH OF PENNSYLVANIA §
COUNTY OF Montgomery §
§

BEFORE ME, the undersigned authority, on this day personally appeared BILL ROHRMAN, who, being by me duly sworn, deposed as follows:

"My name is BILL ROHRMAN. I am over the age of eighteen (18) years, of sound mind, and competent to make this affidavit. I have never been convicted of a felony nor a misdemeanor involving moral turpitude. I am an Assistant Vice President and Property Claims Examiner for United States Liability Insurance Company, and I have personal knowledge of the facts herein stated and they are true and correct.

United States Liability Insurance Company is incorporated in Pennsylvania with its principal place of business in Wayne, Pennsylvania. United States Liability Insurance Company is not a citizen of Texas."

Further, Affiant sayeth naught.

SIGNED this 27 day of September, 2019.

*Bill Rohrman*
BILL ROHRMAN
Assistant Vice President, Property Claims Examiner
United States Liability Insurance Company

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the ____ day of September, 2019, witness my hand and seal of office.

*Joan Morris*
Notary Public, Commonwealth of Pennsylvania

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Joan Morris, Notary Public
Upper Merion Twp., Montgomery County
My Commission Expires Feb. 14, 2021
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | **LABOR** | ❏ 840 Trademark | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 370 Other Fraud | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 371 Truth in Lending | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 380 Other Personal Property Damage | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | ❏ 385 Property Damage Product Liability | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____