UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHUONG PHAM, § | | |
| *Plaintiff* § | | |
| § | | |
| V. § | Civil Action No. 4:19-cv-3747 | |
| § | JURY | |
| UNITED STATES LIABILITY § | | |
| INSURANCE COMPANY, § | | |
| *Defendant*. § | | |

### INDEX OF DOCUMENTS

1. **Plaintiff's Original Petition** (filed 08/26/2019)

2. **Defendant's Original Answer** (filed 09/30/2019)

3. **Defendant's Notice of Removal** (filed 09/30/2019)

# EXHIBIT "A"

1

8/24/2019 11:26 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36249585
By: Bernitta Barret
Filed: 8/26/2019 12:00 AM

**2019-59680 / Court: 164**

CAUSE NO. _____

| | | |
|---|---|---|
| PHUONG PHAM, *Plaintiff* § § § | IN THE DISTRICT COURT OF |
| v. § § | HARRIS COUNTY, TEXAS |
| UNITED STATES LIABILITY INSURANCE COMPANY *Defendant* § § § § | _____ JUDICIAL DISTRICT |
| | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF Phuong Pham ("Plaintiff") and files this Original Petition against United States Liability Insurance Company ("Defendant") and, in support of thereof, would respectfully show the Court the following:

### I. DISCOVERY CONTROL PLAN AND MONETARY RELIEF

1. Plaintiff intends to conduct discovery under Level 2. Tex. R. Civ. P. 190.3.

2. Plaintiff seeks monetary relief under $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. Tex. R. Civ. P. 47(c)(1). Further, Plaintiff specifies that she seeks a maximum amount of damages that does not exceed the sum or value of $74,000, exclusive of interest and costs. Removal would be improper because there is no federal question. Plaintiff has not asserted any claims arising under the Constitution, treaties or laws of the United States of America. 28 U.S. Code § 1331. Further, removal would be improper because federal courts lack subject matter jurisdiction over this action, as the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S. Code § 1332.

## II.   CONDITIONS PRECEDENT

3.   Pursuant to Tex. R. Civ. P. 54, Plaintiff asserts that all conditions precedent to recovery have been performed or have occurred.

## III.   PARTIES, JURISDICTION AND VENUE

### A.   PARTIES

4.   Plaintiff Phuong Pham is a Texas resident, who resides in 840 N. Eldridge Parkway #140, Houston, Harris County, TX.

5.   Defendant United States Liability Insurance Company is an insurance company doing business in the State of Texas, which may be served through Bingham Mann & House at 4500 Yoakum Blvd Houston, TX 77006.

### B.   JURISDICTION

6.   The Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of the Court.

7.   The Court has both general and specific personal jurisdiction over Defendant. The Court has general jurisdiction over Defendant, as Defendant has sufficient minimum contacts with and within this State and has purposefully availed itself of the privilege of conducting activities within this State, thus invoking the benefits, protections, and obligations of this State's laws. Defendant's contacts with this State, which are continuous and systematic, include doing business in Texas, selling and delivering insurance products in Texas, entering into contracts for insurance in Texas with Texas residents, insuring property located in Texas, underwriting insurance policies in Texas, accepting policy premiums in Texas and adjusting insurance claims in Texas.  This activity was not the unilateral activity of another party or a third person.

8. Defendant's contacts with Texas, relied upon by Plaintiff, were purposeful and were not random, fortuitous, or attenuated, and are thus subject to the jurisdiction of this State in suits based on its activities. The Court has jurisdiction over Defendant because: (1) Defendant purposefully availed itself of the benefits of conducting activities in Texas, and (2) the cause of action arises from or relates to those contacts or activities.

9. The Court has specific jurisdiction over this matter as it involved the execution, performance, and breach of a Texas insurance contract with Plaintiff, who is a Texas resident, with regards to an insured risk and/or property located in Texas. As a matter of law, Defendant conducted business in this State because, without limitation, Defendant conducted the business of insurance in Texas and committed one or more torts and/or violated the Texas DTPA and/or Insurance Code, in whole or in part in this State, against Plaintiff in Harris County, Texas. Defendant has sufficient and/or minimum contacts with this State, and thus Plaintiff affirmatively assert the Court's exercise of jurisdiction over Defendant comports with "traditional notions of fair play and substantial justice."

**C.    VENUE**

10. Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(1). The property subject to this dispute and which is owned by Plaintiff is located in Harris County. The insurance policy insuring the property was executed in Harris County. The damage to the property resulted from an event or occurrence in Harris County. The resulting insurance claim that was made by Plaintiff, the property inspection performed by Defendant, and the denial and/or underpayment of the insurance claim by Defendant occurred in Harris County.

## IV.   FACTUAL BACKGROUND

11.   Phuong Pham is a named insured under a property insurance policy issued by United States Liability Insurance Company. The policy number is ***4123.

12.   Hurricane Harvey caused major wind damage to thousands of homes in the Southeast Texas area. Hurricane Harvey's winds were sufficient to cause damage as evidenced in this claim.. Thereafter, Plaintiff's subsequently filed a claim on his insurance policy.

13.   Defendant improperly denied and/or underpaid the claim.

14.   Defendant conducted a substandard investigation and inspection of the property, prepared a report, which did not include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

15.   Specifically, On August 28, 2017, Hurricane Harvey hit the Texas coast, which included Harris County. The impact of this storm caused roof and interior damage to Plaintiff's property. Due to the roof damage, water entered into the house and damaged the wall. Thereafter, Plaintiff filed a claim on his insurance policy.

16.   Defendant performed an outcome-oriented investigation of Plaintiff's claim. Defendant's (improper) claims handling included Defendant's biased claims adjustment, and an unfair and inequitable evaluation of Plaintiff's losses on the property. In addition, Defendant's claims handling included both an unreasonable investigation and underpayment of Plaintiff's claim.

## V.   CAUSES OF ACTION AND ATTORNEY'S FEES

17.   Plaintiff incorporates the foregoing for all purposes.

**A.   BREACH OF CONTRACT**

18.   Plaintiff and Defendant entered into an insurance contract. Defendant breached this contract by, without limitation, inadequately and/or improperly investigating Plaintiff's insurance

claim, wrongfully denying and/or underpaying the claim. Defendant damaged Plaintiff through its actions and/or inactions described herein.

**B.  PROMPT PAYMENT OF CLAIMS STATUTE**

19. Defendant's failure to pay for Plaintiff's losses and/ or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542. 051 *et seq.* of the Texas Insurance Code.

20. In addition to Plaintiff's claim for damages, Defendant's violation of the Tex. Insurance Code entitles Plaintiff to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.  BAD FAITH**

21. Defendant is an insurance company and insured Plaintiff's property. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

22. Defendant violated Section 541.051 of the Texas Insurance Code by, without limitation:

   1. Making statements misrepresenting the terms and/or benefits of the policy.

23. Defendant also violated Section 541.060 by, without limitation:

   1. Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

   2. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

   3. Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromised settlement of a claim;

  4. Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and/or

  5. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

24. Defendant violated Section 541.061 by, without limitation:

  1. Making an untrue statement of material fact;

  2. Failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

  3. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

  4. Making a material misstatement of law; and/or

  5. Failing to disclose a matter required by law to be disclosed.

25. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

**D. ATTORNEYS' FEES**

26. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

27. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because an attorney that represents Plaintiff presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

28.     Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VI.     TEX. R. CIV. P. 193.7 NOTICE.

29.     Pursuant to Tex. R. Civ. P. 193.7, the undersigned hereby notifies all parties and counsel of record that Plaintiff may introduce into evidence at the time of trial or pre-trial, those documents produced by all parties in response to requests for production and/or requests for disclosure in this matter.

## VII.     JURY DEMAND

30.     Pursuant to Tex. R. Civ. P. 216, Plaintiff hereby demands trial by jury and has tendered the appropriate fee.

## VIII.     PRAYER

31.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that, after due process of law, Plaintiff have judgment against Defendant for actual damages, together with exemplary damages, statutory damages, treble damages, statutory interest, pre-judgment interest, post-judgment interest, attorneys' fees, costs of suit, and for all such other and further relief, both general and special, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: /s/ *Anthony G. Buzbee*
    Anthony G. Buzbee
    State Bar No. 24001820
    tbuzbee@txattorneys.com
    Christopher J. Leavitt
    State Bar No. 24053318
    cleavitt@txattorneys.com
    JP Morgan Chase Tower
    600 Travis, Suite 6850
    Houston, Texas 77002
    Telephone: (713) 223-5393
    Facsimile: (713) 223-5909

AND

**LAW OFFICES OF MANUEL SOLIS, PC**

By: /s/ *Stephen R. Walker*
    Stephen R. Walker
    State Bar No. 24001820
    Texas Bar No. 24034729
    Gregory J. Finney
    Texas Bar No. 24044430
    Juan A. Solis
    Texas Bar No. 24103040
    6657 Navigation Blvd.
    Houston, TX 77011
    Phone: (713) 277-7838
    Fax: (281) 377-3924
    swalker@manuelsolis.com
    gfinney@manuelsolis.com
    jusolis@manuelsolis.com

**ATTORNEYS FOR PLAINTIFF**

Cause No.: 2019-59680

| | | |
|---|---|---|
| PHUONG PHAM | § § § | IN THE DISTRICT COURT |
| V. | § § | HARRIS COUNTY, TEXAS |
| UNITED STATES LIABILITY INSURANCE COMPANY | § § | 164TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **UNITED STATES LIABILITY INSURANCE COMPANY**, Defendant in the above-styled and numbered cause, and files this its Original Answer and in support of the same would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

Subject to all written stipulations, admissions or pleadings which Defendant may hereinafter make and file in this cause, Defendant generally denies the allegations contained in Plaintiff's Petition, pursuant to Rule 92, T.R.C.P. and demands strict proof thereof, to which Defendant is entitled under the laws of this State and its Constitution.

### II.
### FRIVOLOUS ACTION PURSUANT TO TEXAS INSURANCE CODE § 541.153

Defendant further pleads that Plaintiff's causes of action under Chapter 541 of the Texas Insurance Code are groundless and brought in bad faith or brought for the purpose of harassment. Specifically, Plaintiff's Petition claims that the property at issue is a residence and that the various alleged damages are to a building structure. Contrary to Plaintiff's pleading, the subject policy covers business personal property only. Defendant requests that upon the Court's finding of the same that Defendant be awarded court costs and reasonable and necessary attorney's fees.

### III.

Defendant hereby demands a jury.

WHEREFORE, PREMISES CONSIDERED, Defendant, **UNITED STATES LIABILITY INSURANCE COMPANY,** prays that Plaintiff take nothing by this suit, but that this Defendant have judgment, plus costs of court, and such other and further relief to which it is entitled, either at law or in equity.

Respectfully submitted,

GONZALEZ, CHISCANO, ANGULO & KASSON, PC
9601 McAllister Fwy., Suite 401
San Antonio, Texas 78216
Tel:   (210) 569-8500
Fax:   (210) 569-8490

By:   */s/ Richard J. Kasson*
RICHARD J. KASSON
State Bar No. 24002392
rkasson@gcaklaw.com
REBECCA ADUDDELL
State Bar No. 24097280
raduddell@gcaklaw.com

**ATTORNEYS FOR DEFENDANT, UNITED STATES LIABILITY NSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this the **30th** day of **September, 2019**, a true and correct copy of the foregoing instrument was duly served upon all counsel of record via the Court's electronic filing system, facsimile and/or regular mail:

Anthony G. Buzbee
Email: tbuzbee@txattorneys.com
Christopher J. Leavitt
Email: cleavitt@txattorneys.com
**THE BUZBEE LAW FIRM**
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002

Stephen R. Walker
Email: swalker@manuelsolis.com
Gregory J. Finney
Email: gfinney@manuelsolis.com
Juan A. Solis
Email: jusolis@manuelsolis.com
**LAW OFFICES OF MANUEL SOLIS, PC**
6657 Navigation Blvd.
Houston, Texas 77011

/s/ Richard J. Kasson
RICHARD J. KASSON

**Cause No.: 2019-59680**

| | | |
|---|---|---|
| PHUONG PHAM | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| UNITED STATES LIABILITY | § | |
| INSURANCE COMPANY | § | 164TH JUDICIAL DISTRICT |

## DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

PLEASE TAKE NOTICE that on September 30, 2019, Defendant, United States Liability Insurance Company ("USLI") filed a Notice of Removal in the United States District Court for the Southern District of Texas, removing this case from the District Courts of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. A copy of the Notice of Removal that was filed in federal court is attached as *Exhibit 1*. A copy of this Notice has been sent to Plaintiff.

PLEASE TAKE FURTHER NOTICE that the Notice of Removal has been filed in accordance with the provisions of 28 U.S.C. §§ 1441, 1446 and 1446(d), and pursuant to 28 U.S.C. § 1446(d), the District Courts of Harris County, Texas shall proceed no further with the above-captioned case unless and until the case is remanded.

Respectfully submitted,

**GONZALEZ, CHISCANO, ANGULO & KASSON, PC**
9601 McAllister Fwy., Suite 401
San Antonio, Texas 78216
Tel:     (210) 569-8500
Fax:    (210) 569-8490

By:     /s/ Richard J. Kasson
          RICHARD J. KASSON
          State Bar No. 24002392
          rkasson@gcaklaw.com
          REBECCA ADUDDELL
          State Bar No. 24097280
          raduddell@gcaklaw.com

**ATTORNEYS FOR DEFENDANT,
UNITED STATES LIABILITY INSURANCE
COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that on this the **30th** day of **September, 2019**, a true and correct copy of the foregoing instrument was duly served upon all counsel of record via the Court's electronic filing system, facsimile and/or regular mail:

Anthony G. Buzbee
Email: tbuzbee@txattorneys.com
Christopher J. Leavitt
Email: cleavitt@txattorneys.com
**THE BUZBEE LAW FIRM**
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002
Tel:     (713) 223-5393
Fax:    (713) 223-5909

Stephen R. Walker
Email: swalker@manuelsolis.com
Gregory J. Finney
Email: gfinney@manuelsolis.com
Juan A. Solis
Email: jusolis@manuelsolis.com
**LAW OFFICES OF MANUEL SOLIS, PC**
6657 Navigation Blvd.

Houston, Texas 77011
Tel:    (713) 277-7838
Fax:    (281) 377-3924

                                       /s/ Richard J. Kasson
                                       RICHARD J. KASSON

3



## 201959680 - PHAM, PHUONG vs. UNITED STATES LIABILITY INSURANCE COMPANY (Court 164)

Chronological History | Print All
(non-financial)

| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

\* Note: Only non-confidential public civil/criminal documents are available to the Public. All non-confidential Civil documents are imaged. In Criminal Cases, select non-confidential documents are available in electronic format (not every document is available for electronic viewing and a document may be filed in the case that is not viewable electronically). If the case or Civil document you are looking for is not available and should be, please click here to notify Customer Service.

Purchase Order ( 0 documents )

Print List

| Image No. | Type | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case |
|---|---|---|---|---|---|---|---|
| 87085170 | Filing | Citation Return | | | 09/11/2019 | 2 | Add to Basket |
| 86880103 | Filing | Civil Process Pick-Up Form | | | 08/27/2019 | 1 | Add to Basket |
| 86812495 | Filing | PLAINTIFF'S ORIGINAL PETITION | | | 08/26/2019 | 8 | Add to Basket |
| -> 86812496 | Filing | REQUEST FOR ISSURANCE OF SERVICE | | | 08/26/2019 | 1 | Add to Basket |

[WS7]